Mr. Justice TuRNee.
delivered the opinion of the court.
This is an appeal from the decision of the judge of probate of Adams county, disallowing an account filed by the administrator of the estate of Absalom Griffin, against the estate of James Cole.
It is necessary to recapitulate only the main facts of this case, to obtain a proper view of its merits.
James Cole died about the year 1812, intestate, possessed of certain real estate, goods, chattels, rights and credits; and letters of administration tvere granted to his widow and Gideon Hop *49 kins. The latter died, leaving the widow of Cole, sole admin-istratrix, who intermarried in 1814 with Absalom Griffin, whereby’said Griffin became administrator, in right of his wife. The wife of Griffin died about the year 1817. Griffin did not take out letters of administration de bonis non upon Cole’s estate, nor •does it appear that any one .farther administered upon it. Griffin died, intestate, in 1833 or 1834.
Pharaoh Carter — who married the daughter of Griffin, by another marriage than that solemnized between said Griffin and the widow of Cole — at the April term of the probate court of Adams county, in 1840, obtained letters of administration de bonis non upon the estate of said Cole, and also letters in chief on the estate of Absalom Griffin, whose legal distributee he had married. At the June term of said court, as administrator of Griffin’s estate, he presented an account, against the estate of Cole, setting up an indebtedness of the latter estate to the for-mer of $19,946 40. This account embraces two classes of charges. The first and largest, for the maintenance and education of the children of Cole, and the interest upon the sums' thereby alleged to be due. The second class, for moneys paid upon debts due by said Cole, and interest thereon. The first class of items runs through a series of years, before and after the death of the mother of these children. Evidence is introduced of the facts, that they lived with Griffin and went to school, of the reasonableness of the charges made in the account of Griffin’s administrator, and of the payment of certain moneys by Griffin in discharge of debts due by Cole. It is suggested by the appellant, that the vouchers of Griffin, deposited in the probate court, have been lost.
Upon these premises, the probate court held that the account should be disallowed, and assigned reasons for this decision. An appeal has been prayed to this court, and there is a general assignment of error,' “ that the decree should have been for the appellant.”
We think the ground to have been well taken by the probate court, that it is to be presumed that Griffin, who lived some twenty years after his marriage with the widow of Cole, and for *50 a long series of y ears, in occupancy of the estate of Cole, certainly contemplated no charge against that estate, for any disbursement of moneys on its account, or on behalf of the children, the heirs of Cole. It is probable, that he considered the use and occupancy of this estate, as satisfaction for any outlay of his own moneys (whatever that may have been), and if he did not, it is clearly referable to his own laches, that he did not.establish an account, and recover his claim against the estate of Cole, which he certainly could have done, if in no other way, by taking out letters de bonis- ?ion. It is clearly apparent too, that the estate of Cole, even should this account of the estate of Griffin be allowed, would be entitled to some credits, on account of Griffin’s use and occupancy of said estate of Cole. Of these credits, no mention seems to be made, although the appellant, Carter, is the administrator of both estates.
The probate court had fully the right to consider this matter of the laches of Griffin. This court has said, in the case of Carmichael, et al. v. Browder, 3 Howard, 258, “Its powers (viz. the probate court) may be said to be coextensive with those of a court of equity, for, if necessary, parties may proceed by bill and answer, and the court may decree as the justice of the case may require.” And it clearly tends to the equitable administration of justice,- that, within some proper period, to be assigned by the legislative authority, of the country, even well-founded claims should go-without day, if suffered to sleep in silence.
In the 90th section of the Orphan’s Court Law, (Rev. Code, p. 54,) it is provided, “ That the vouchers or proofs of any claim on open account shall be a certificate of an oath or affirmation, taken by the creditor, as aforesaid, since the death, indorsed on or annexed to that account, ‘ that the account as stated is just and true, and that he or she hath not received any part of the money stated to be due, or any security or satisfaction for the same, except what (if any) is credited,’ and moreover such account shall not be paid, until the same be examined and allowed by the orphan’s court.” No such account on behalf of Griffin, thus attested, has been exhibited, and under all the circum *51 stances of this case, we deem that more than a mere suggestion of the loss of vouchers is necessary in the absence of such, or a similar account.
The judgment of the probate court must be affirmed.
Note. This case was decided by Judge Turner at the July term, 1843, of the court. It should have been reported in the first volume of Smedes and Marshall’s Reports.